## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANDRAS SZANTHO, as Personal
Representative of the Wrongful Death
Estate of FLORIN IORDACHE,

      Plaintiff,

vs.                                                            Civ. No. 25-108 JFR/SCY

GREAT DANE, LLC; GREAT DANE
LIMITED PARTNERSHIP; GREAT
DANE TRAILERS; CRA TRAILERS, INC.;
and THERMO KING FRESNO, INC.,

      Defendants.

## ORDER TO FILE RULE 7.1 DISCLOSURE STATEMENTS

This matter comes before the Court sua sponte, following its review of the complaint,
filed on January 31, 2025. Doc. 1. Plaintiff filed this action in federal court citing diversity
jurisdiction. *Id.* ¶ 6. Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all
civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs and is between citizens of different States . . . ." The Court has a sua sponte
duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto.
Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the complaint, the
applicable law, and being otherwise fully advised in the premises, concludes that the complaint
fails to allege the necessary facts to sustain diversity jurisdiction.

First, the complaint alleges that Plaintiff Andras Szantho, as the Personal Representative
of the Wrongful Death Estate of Florin Iordache, is a resident of New Mexico. Doc. 1 ¶ 1.
Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century
Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when

residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction). Further, Andras Szantho is the personal representative for the estate of Florian Iordache. Doc. 1 ¶ 8. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Here, however, Plaintiff only provides the residency for Mr. Szantho himself, without providing the citizenship of the decedent.

Next, as to Defendants Great Dane, LLC and Great Dane Limited Partnership, the complaint alleges that they are incorporated in Illinois with their principal place of business in Illinois.[1] Doc. 1 ¶ 2. But determining the citizenship of an unincorporated entity such as a limited liability company (LLC) or a limited partnership (LP) is different from determining the citizenship of a corporation. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate

---

[1] In their answer, the Great Dane Defendants explain that Great Dane Limited Partnership "does not exist as a corporate entity and is know as Great Dane LLC." Doc. 9 at 1 n.1.

artificial entity"). Likewise, a limited partnership (LP) is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015). Here, the complaint contained no allegations regarding citizenship of the LLC or LP members.

The Court notes that Rule 7.1 requires every party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, the Court orders Plaintiff and Defendants[2] to each file Rule 7.1 notices as to their own citizenship.

**IT IS THEREFORE ORDERED** that Plaintiff and Defendants each file corporate disclosure statements that fully comply with Rule 7.1(a)(2) no later than **March 17, 2025.**

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant Thermo King Fresno, Inc. has not yet appeared in this case, but the complaint sufficiently alleges its citizenship. Doc. 1 ¶ 4.