**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDRAS SZANTHO, as Personal
Representative of the Wrongful Death
Estate of FLORIAN IORDACHE,

Plaintiff,

v. Case No. 25-cv-108 JCH/SCY

GREAT DANE LLC; GREAT DANE
LIMITED PARTNERSHIP; GREAT
DANE TRAILERS; CRA TRAILERS, INC.;
and THERMO KING FRESNO, INC.,

Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

In this lawsuit, Plaintiff alleges that "Florin Iordache was killed when the rear impact guard on a semi-trailer manufactured by Great Dane and modified by Thermo King Fresno, Inc., failed, allowing the van in which Florin Iordache was a passenger to slide under the semi-trailer." Doc. 1 at 1. As to the various Defendants, the complaint alleges that the semi-trailer involved in the accident was "being used by Royal K Trucking, Inc., was manufactured by Defendant Great Dane Trailers, owned by Defendant Thermo King Fresno, Inc., and leased by Defendant Thermo King Fresno, Inc., to Royal K Trucking, Inc." *Id.* ¶ 11. Presently before the Court is Plaintiff's motion to compel, in which he seeks information from Defendant Thermo King ("TK") regrading its purported parent company and its finances. Doc. 98; *see also* Doc. 100, 101 (response); Doc. 102 (reply). Specifically, Plaintiff seeks to compel complete responses to Requests for Production Nos. 4, 5, and 6 in his third set of requests for production and to compel the deposition of Ken Nelson, owner of TK. For the reasons discussed below, the Court grants in part and denies in part the motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation marks omitted).

## ANALYSIS

### 1. Parent Company Procedures, Policies, and Practices (RFP Nos. 4, 5)

Plaintiff alleges that Thermo King North America ("TK NA") is TK's parent company and seeks the following information regarding TK NA:

> Request for Production No. 4: Documents sufficient to show Thermo King's relationship with Thermo King North America, including any contracts between Thermo King and Thermo King North America related to permissions and requirements for Thermo King to operate as an authorized Thermo King dealer.
>
> Request for Production No. 5: All documents reflecting any requirements, policies, procedures, and/or practices Thermo King must maintain to operate as an authorized Thermo King dealer.

Doc. 98-1 at 5-7. Plaintiff argues this information is relevant to "Defendant's knowledge of appropriate safety practices regarding repair, maintenance, and inspection of rear impact guards." Doc. 98 at 4; *see also id.* ("Plaintiff's allegation that Thermo King employees negligently failed

to inspect, maintain, or repair the underride guard on Thermo King's trailer is informed by whether they properly followed safety standards, policies, and procedures established by Thermo King or its parent company.").

TK on the other hand, explains that it is not a subsidiary of TK NA, but that TK is an authorized dealer of TK NA, similar to a franchise, and as such, discovery into TK NA is irrelevant. Doc. 100 at 5-6. The Court need not resolve this dispute because it agrees with TK's other objection—that these requests are overboard. Although Plaintiff argues that the requested information is relevant to TK and TK NA's repair, maintenance, and inspection practices, the requests are not limited to such information. Indeed, as written, the requests would capture a multitude of irrelevant information such as product sales, trademark usages, and lease agreements. Further, the requests are overbroad because they contain no temporal limit, such as limiting production of safety policies, practices, and procedures to those in effect at the time of the subject accident.

Given the overbreadth of the request, the Court denies the motion to compel as to Requests for Production Nos. 4 and 5. The Court will not rewrite the discovery requests because "at the end of the day, it is the parties' obligation to frame their own discovery requests and to seek to narrow any disputes with opposing counsel; the district court is obliged only to rule on the requests for enforcement or protection eventually presented to it, not to do the parties' work for them by editing discovery requests until they comply with the Federal Rules of Civil Procedure." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008); *see also Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) ("The magistrate judge was not required to exercise his discretion to *sua sponte* fix counsel's errors and assume counsel's responsibility of framing an appropriate discovery request. Plaintiffs' proposed holding would encourage

attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request.”).

**2. Financial Information (RFP No. 6)**

In Request for Production No. 6, Plaintiff seeks information regarding TK’s financial condition as relevant to his claim for punitive damages. TK argues that Plaintiff’s punitive damages claim is spurious because “the Complaint contains only bare legal conclusions, devoid of the specific factual allegations required under New Mexico law.” Doc. 100 at 2. “[I]f a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant’s net worth or financial condition is relevant because it can be considered in determining punitive damages.” *Montes v. Pinnacle Propane, L.L.C.*, No. 16-CV-0126 JCH/SMV, 2016 WL 10179315, at *2 (D.N.M. Sept. 20, 2016) (citing *Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113-CM, 2002 WL 1162438, at *4 (D. Kan. Feb. 7, 2002)); *see also Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir. 1984) (holding that “evidence of a party’s financial condition . . . is admissible for the purpose of fixing the amount of punitive damages”). Before obtaining such financial information, the requesting party “generally must show the claim for punitive damages is not spurious.” *Montes*, 2016 WL 10179315, at *2 (citation omitted). “A claim is not spurious if ‘sufficient facts have been alleged to make a claim for punitive damages.’” *Id.* (quoting *Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 34 (D. Kan. 1996)); *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2017 WL 3229071, at *3 (D. Kan. July 31, 2017) (“In determining whether Plaintiffs’ punitive damages claim is spurious, the Court looks to whether Plaintiff has made sufficient

allegations—short of those needed to establish a *prima facie* case—to support a claim for punitive damages under the applicable law.").

As an initial matter, Plaintiff previously withdrew its request for financial information contained in a 30(b)(6) deposition notice to TK after TK objected. Doc. 101-1 at 13-17. TK argues that this withdrawal indicates Plaintiff is aware his claim for punitive damages is spurious and so cannot support a request for TK's financial information. However, that Plaintiff previously compromised and removed this topic from a 30(b)(6) deposition notice does not mean Plaintiff waived all arguments to seek financial information though some other means.

Turning to whether Plaintiff is entitled to the requested information, the Court finds that Plaintiff's punitive damages claim against TK is not spurious. Under New Mexico law, to be liable for punitive damages, "the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 12, 881 P.2d 11, 14. In his complaint, Plaintiff alleges that the trailer owned by TK, and leased to the trucking company, had an underride guard that failed, such that when the van the decedent was a passenger in collided with the trailer, the van slid under the rear of the trailer, crushing the passenger's seat. Doc. 1 ¶¶ 11, 17. The complaint also alleges that TK converted the subject trailer into a refrigerated trailer and, in doing so, failed to inspect, repair, and maintain the rear impact guard. *Id.* ¶¶ 47, 54. Plaintiff further points to a report from Defendant Great Dane's expert, who found that the underride guard was replaced prior to the subject accident and was done so with faulty welds. Doc. 98-8 at 6. TK disputes that it repaired the underride guard prior to the accident. Doc. 100 at 8-9. Plaintiff, however, has produced evidence in support of its contrary position: TK's 30(b)(6) deposition in which the deponent testified that TK preforms the maintenance on trailers rented out to customers. Doc. 98-6 at 65:25-66:5. Because a factual

dispute exists as to whether TK failed to repair, inspect, or maintain the underride guard from trailer and because resolution of this factual dispute in Plaintiff's favor could support a punitive damages award, Plaintiff's claim for punitive damages is not spurious. As such, the Court grants the motion to compel as to Request for Production No. 6.

**3. Deposition of Ken Nelson**

Lastly, Plaintiff requests to take the deposition of Ken Nelson, the owner of TK.[1] TK argues that Mr. Nelson has no knowledge of the subject trailer or accident and that his deposition would be cumulative of the corporate representative TK already produced for a deposition. Indeed, Plaintiff does not dispute that Mr. Nelson has no specific knowledge of the subject trailer or the accident. Instead, Plaintiff seeks to take his deposition for the purposes of gathering the same information sought in Requests for Production Nos. 4, 5, and 6; specifically, information regarding the relationship between TK and TK NA and information regarding TK's finances.

But Plaintiff offers no argument to explain why he seeks this information from Ken Nelson when he can gather the same information from a 30(b)(6) deponent. *See* Fed. R. Civ. P. 30(b)(6) (allowing a party to name as the deponent a corporation and requiring that "[t]he persons designated must testify about information known or reasonably available to the organization"). Plaintiff has already taken TK's 30(b)(6) deposition, which included questions about the relationship because TK and TK NA. Doc. 98-6 at 18:2-20:23. The Court agrees with TK that the deposition of Mr. Nelson would be cumulative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative,

[1] For the sake of efficiency, Plaintiff includes the request to depose Mr. Nelson in the present motion to compel, rather than noticing the deposition and requiring TK to file a motion for protective order. Doc. 98 at 2 n.1.

or can be obtained from some other source that is more convenient, less burdensome, or less expensive.”). Further, as discussed above, the Court finds that the blanket request to discover information about TK NA’s policies and procedures is overbroad. Thus, the Court denies the motion to compel as to the deposition of Ken Nelson.

## CONCLUSION

For these reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff’s Motion to Compel Documents from Defendant Thermo King Fresno, Inc. and the Deposition of Ken Nelson (Doc. 98) as follows:

- The motion to compel is granted as to Request for Production No. 6 of Plaintiff’s Third Set of Requests for Production. Within **30 days** of the entry of this Order, Defendant Thermo King shall provide a complete response to Request for Production No. 6.
- The motion to compel is denied as to Requests for Production Nos. 4 and 5 of Plaintiff’s Third Set of Requests for Production.
- The motion to compel is denied as to the deposition of Ken Nelson.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE